# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:04-CR-127 |
| | ) |
| vs. | ) |
| | ) |
| Richard Christman, | ) |
| | ) |
| Defendant. | ) |

## O R D E R

This matter is before the Court on Defendant Richard Christman's objections to the presentence investigation report (Doc. No. 94). For the reasons that follow, Defendant's objections to the presentence investigation report are well-taken and **SUSTAINED.**

This case unfortunately has a tortuous procedural history. In November 2004, the grand jury in this district returned a six count superseding indictment charging Defendant with transportation and possession of child pornography. In January 2005, Defendant entered into a plea agreement with the government in which he pled guilty to Counts Five and Six of the superseding indictment, which charged him with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2252A(a)(4)(B).

The probation department prepared a presentence investigation report and calculated an advisory Sentencing Guidelines range using the 2003 Sentencing Guidelines Manual. In

calculating the advisory range, the probation officer grouped the two counts together. The probation officer then determined that the guideline for possession of child pornography, U.S.S.G. § 2G2.4, applied to the group. The base offense level was 15 pursuant to U.S.S.G. § 2G2.4(a). The probation officer then applied a two level enhancement pursuant to § 2G2.2(b)(1) because the material involved a prepubescent minor or minor not yet 12 years old. There was another two level enhancement pursuant to § 2G2.4(b)(3) because the offense involved the use of a computer. A four level increase was applied under § 2G2.4(b)(4) because the material portrayed sadistic or masochistic acts. There was a five level increase because the offense involved 600 or more images. Defendant then received a three level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility and entering a timely plea. Therefore, the final offense level was 25. An offense level of 25 and Defendant's criminal history category of I produced a sentencing range of 57 to 71 months of imprisonment.

Although the presentence report indicated that Defendant used a peer-to-peer file sharing network to possess and make available images of child pornography, in calculating the advisory guidelines range the probation officer did not apply the cross-reference found at § 2G2.4(c)(2) which applies when the possession offense included trafficking in material involving the sexual exploitation of a minor. If applicable, the cross-

reference directs sentencing courts to apply the Guideline for trafficking in child pornography, U.S.S.G. § 2G2.2. Had the probation officer applied § 2G2.2, the base offense level would have increased from 15 to 17. U.S.S.G. § 2G2.2(a). The probation officer also could have applied § 2G2.2(b)(2)(B), which imposes a five level enhancement for distribution for receipt, or expectation of receipt, of a thing for value but not for pecuniary gain. The theory behind this enhancement is that possessors of child pornography often barter images among themselves or make such images available in anticipation that the recipient will reciprocate. See United States v. Dyer, 589 F.3d 520, 525-532 (1st Cir. 2009); United States v. Oldham, 177 Fed. Appx. 842, 847 (10th Cir. 2006). A seven level increase in the offense level would have increased Defendant's sentencing range to 121 to 151 months of imprisonment.

In any event, neither party objected to the probation officer's determination that the correct advisory sentencing range was 57 to 71 months of imprisonment. In October 2005, after conducting a sentencing hearing, the original presiding judge in this case sentenced Defendant to 57 months of imprisonment on both counts to run concurrently, 3 years of supervised release, a $1,000 fine, and a $200 special assessment. Doc. Nos. 39, 41. In January 2006, the judge convened a status conference in which she advised the parties that her decision to

3

select a sentence of 57 months of imprisonment was influenced by an ex parte conversation she had had with the probation officer and the pretrial services officer in which the officers expressed their belief that Defendant had in fact molested children. This conversation was contrary to the record, which indicated that Defendant had never sexually abused any children. On appeal by Defendant, the Sixth Circuit ruled that the sentencing judge erred in allowing the ex parte conversation to influence her sentencing decision. The Court of Appeals thus vacated Defendant's sentence and remanded the case for re-sentencing without reliance upon the information imparted during the ex parte conversation. United States v. Christman, 509 F.3d 299, 312 (6th Cir. 2007) ("Christman I").

After the case was remanded, the probation department prepared a second presentence investigation report, but this time used the 2007 Sentencing Guidelines Manual to calculate the advisory Guidelines range. In the interim, the Sentencing Commission had determined that all persons convicted of possessing or transmitting child pornography should be sentenced under U.S.S.G. § 2G2.2. United States v. Williams, 411 F.3d 675, 677 n.1 (6th Cir. 2005). Applying § 2G2.2 to Defendant's offense increased the base offense level from 15 to 18. The probation officer otherwise applied the same enhancements for images with prepubescent minors, sadistic or masochistic images, use of a

4

computer, and possession of 600 images.  Defendant also received reductions in the offense level for acceptance of responsibility and entering a timely plea.  The increase in the base offense level, however, increased the advisory sentencing range from 57 to 71 months of imprisonment to 78 to 97 months of imprisonment.  The probation officer did not apply an enhancement under § 2G2.2(b)(3)(B) for distribution for receipt, or expectation of receipt, of a thing for value but not for pecuniary gain.

Defendant objected to the probation officer's use of the 2007 Sentencing Guidelines Manual on ex post facto grounds.  Doc. No. 66.  Defendant also filed a sentencing memorandum arguing for a downward variance from the advisory sentencing range based on medical issues, family responsibilities, educational and vocational skills, his compliance with the terms of pretrial release, and a psychologist's report concluding that he does not present a hands-on risk to children.  Doc. No. 67.  The government did not file any objections to the revised presentence investigation report nor did it file a new sentencing memorandum.

Defendant came before the Court for re-sentencing in September 2008.  Doc. No. 71.  The sentencing judge sustained Defendant's objection to use of the 2007 Guidelines Manual and ruled that the 2003 Guidelines applied at re-sentencing.  Doc. No. 73, at 16-17.  Accordingly, the sentencing judge determined

5

that the original sentencing range of 57 to 71 months was the correct advisory range. Id. The judge then downwardly varied from the advisory range and imposed a sentence of five days of imprisonment on each count and fifteen years of supervised release. Doc. No. 72. In downwardly varying from the advisory range, the sentencing judge cited Defendant's medical issues, his need to care for his seriously ill mother, the fact that Defendant is a composer and a musician, Defendant's compliance with the terms of pre-trial release, and the fact that Defendant appeared to be amenable to treatment. United States v. Christman 607 F.3d 1110, 1116-1117 (6th Cir. 2010)("Christman II").

The government then appealed Defendant's sentence on the grounds of substantive unreasonableness. The government cited three reasons to vacate Defendant's sentence: 1) the district court relied on several inappropriate factors as mitigators; (2) the district court failed to address several factors under 18 U.S.C. § 3553(a) that are relevant to sentencing; and (3) the district court's re-sentencing rationale contradicted what it said during the original sentencing hearing. Id. at 1117-1118.

The Court of Appeals agreed with the government that the sentence imposed by the sentencing judge was substantively unreasonable. In reaching this conclusion, the Court held that the district court abused its discretion in concluding that the

fact that Defendant is a composer and a musician, without any further explanation, is a mitigating factor. Id. at 1119. The Court also concluded that Defendant's need to care for his mother was not an appropriate mitigating factor since his siblings could take on that responsibility, or, in the alternative, she could have been placed in a nursing home. Id. at 1120. The Court held further that the district court abused its discretion by not considering several relevant factors under § 3553(a), including deterrence, unwarranted sentencing disparities, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. Id. at 1120-22. Finally, the Court held that the sentencing judge gave contradictory rationales during the re-sentencing proceeding. Specifically, the Court noted that during the first hearing the sentencing judge found that Defendant's medical issues were not mitigating circumstances, but inexplicably found that they were mitigating during the second sentencing hearing. Id. at 1122. The Court also observed that during the first sentencing hearing, the sentencing court cited the need to protect the children who are the victims of child pornography, but failed to mention this consideration at the second sentencing hearing. Id. at 1122-23. The Court stated that such drastic changes in sentencing rationale without any explanation for the change rendered the sentence unreasonable.

Accordingly, for all of these reasons, the Court of Appeals determined that the second sentence imposed by the sentencing judge was substantively unreasonable. The Court, therefore, vacated Defendant's sentence and remanded the case for "re-sentencing in light of this opinion." Id. at 1123. The Court also directed that the case be assigned to a new judge for re-sentencing. Id. After the case was remanded, the Clerk of Court transferred this case to the undersigned.

In preparation for the new re-sentencing proceedings, the probation department prepared an updated presentence investigation report. The probation officer, however, also calculated a new and different advisory Sentencing Guidelines range. While the probation officer used the 2003 Sentencing Guidelines Manual, for the first time she found that the trafficking cross-reference in § 2G2.4(c)(2) applies in this case. Consequently, as explained supra, at 2-3, applying the trafficking cross-reference had the effect of raising Defendant's final offense level from 25 to 32. The resulting advisory Guidelines range became 121 to 151 months of imprisonment.

As a rationale for applying the trafficking cross-reference at this time, the probation officer cited the fact that the case was remanded and assigned to a new judge; therefore, she took the position that the presentence investigation was starting "from scratch" with a completely new report. She determined that

8

it was in fact an error not to have applied the trafficking cross-reference in calculating the advisory Guidelines range the first time. The probation officer stated that at the time the first report was prepared, use of peer-to-peer file sharing was not fully understood. Since then, however, the probation officer stated, there is a better grasp of how computers are used in child pornography cases and the case law has developed to recognize that use of peer-to-peer file sharing programs constitutes distribution of child pornography.

Defendant filed timely objections to the revised advisory Sentencing Guidelines calculation. Doc. No. 94. In his memorandum, Defendant argues that the government has waived application of the trafficking cross-reference by not objecting earlier to the original Guidelines calculations. Defendant argues that because the government could have objected to the original Guidelines calculation, but did not, the advisory Guidelines calculation is foreclosed from further review by the Court. Relatedly, in filing objections to the presentence report with the probation officer, Defendant argued that the original Guidelines calculation could not be revised because it became the law of the case. Second, Defendant argues that the government cannot meet its burden of proof that he had the requisite intent to traffic in child pornography in using peer-to-peer file sharing software. The government responds that it did not

knowingly waive the proper application of the Sentencing Guidelines; rather, the government argues, that like the probation officer, the Court, and the Defendant, it simply did not consider whether the trafficking enhancement applies. The government also contends that the burden of proof is not an issue since Defendant does not dispute the facts on which the probation officer relied to apply the trafficking cross-reference.

On consideration of the entire record and the parties' arguments, the Court concludes that the law of the case, as well as the mandate rule, forecloses the Court from adopting the revised advisory Guidelines calculation in the updated presentence investigation report. In <u>United States v. Mendez</u>, 498 F.3d 423 (6th Cir. 2007), the Court explained that the law of case doctrine and the mandate rule are related:

> "Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." <u>United States v. Moored</u>, 38 F.3d 1419, 1421 (6th Cir. 1994) (citing <u>United States v. Bell</u>, 988 F.2d 247, 250 (1st Cir. 1993)). The mandate rule "requires lower courts to adhere to the commands of a superior court." <u>Id.</u> (citing <u>Bell</u>, 988 F.2d at 251). Though both doctrines "generally preclude a lower court from reconsidering an issue expressly or impliedly decided by a superior court," <u>id.</u>, one must still determine whether the issue actually was "expressly or impliedly decided." In <u>Bell</u>, the First Circuit instructed that "<u>[a]n appellate court's disposition of an appeal must be read against the backdrop of prior proceedings in the case</u>." 988 F.2d at 250.

<u>Id.</u> at 426 (emphasis added).

In this case, there has never been an objection by any party that the original Guidelines calculation of 57 to 71 months of imprisonment is incorrect. Defendant's appeal from the first sentencing hearing concerned the sentencing judge's reliance on an ex parte communication in imposing sentence. The government's appeal from the second sentencing hearing concerned only the substantive reasonableness of Defendant's sentence, not its procedural reasonableness. See Christman, 607 F.3d at 1117-1123; "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases a sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." United States v. Conaster, 514 F.3d 508, 520 (6th Cir. 2008). Review for procedural reasonableness, however, concerns "<u>failing to calculate (or improperly calculating) the Guidelines range</u>, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing adequately to explain the chosen sentence - including an explanation for any deviation from the Guidelines range." Id. at 519-20 (citing Gall v. United States, 552 U.S. 38, 51 (2007))(emphasis added).

Thus, as Conaster indicates, correctly calculating the Guidelines sentencing range is a procedural issue, not a substantive issue. The procedural reasonableness of the original

Guidelines calculation has never been contested in any of the previous appellate proceedings.  It is plainly clear that the Court in Christman II addressed only the substantive reasonableness of the five day sentence imposed by the sentencing judge - the Court specifically held that the sentence was substantively unreasonable and addressed only factors relevant to assessing substantive reasonableness.  Therefore, the procedural correctness of the original Guidelines sentencing range is a settled question.

The Court remanded the case "for re-sentencing in light of this opinion."  Christman, 607 F.3d at 1123.  While it is this Court's duty to impose a sentence that is sufficient, but not greater than necessary, to satisfy the statutory goals of sentencing, and not to impose a reasonable sentence, United States v. Davis, 458 F.3d 505, 509-10 (6th Cir. 2006), the scope of the remand by the Court of Appeals essentially directs this Court on re-sentencing to focus on issues relevant to the substantive reasonableness of Defendant's sentence.  The Court of Appeals's decision in Christman II addressed the sentencing judge's reliance on inappropriate factors, failure to address other relevant sentencing factors, and the contradictory rationales for the sentence.  Thus, the Court concludes that "re-sentencing [Defendant] in light of this opinion" means that this Court should not rely on inappropriate factors in sentencing

Defendant and that it must consider all of the § 3553(a) factors, but in particular it must consider deterrence, avoiding unwarranted disparities, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  Since this case was reassigned, the issue of contradictory rationales does not necessarily apply, but in the context of that discussion, the Court of Appeals took time to highlight the children that are the victims of child pornography.  Thus, the implication is that this Court should also consider that factor on remand.  Nothing in the Court of Appeals' opinion, however, suggests that the procedural reasonableness of Defendant sentence, in particular, the advisory Guidelines sentence, is something that should be re-visited during these re-sentencing proceedings.  The Court, therefore, concludes that calculating a new or revised advisory Guidelines range would be outside the scope of the remand.

## Conclusion

For all of the reasons stated above, the Court concludes that the original advisory Sentencing Guidelines range of 57 to 71 months of imprisonment is applicable in the instant re-sentencing proceedings. Accordingly, Defendant's objection to the revised Sentencing Guidelines range in the most recently issued presentence investigation report is well-taken and is **SUSTAINED.**

**IT IS SO ORDERED**

Date December 27, 2011              s/Sandra S. Beckwith
                                    Sandra S. Beckwith
                                    Senior United States District Judge